LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NATALIE ONEAL,
*on behalf of herself, FLSA Collective Plaintiffs, and the Class*,

    Plaintiff,

-against-

HARTZ HOTEL SERVICES, INC.,
TRIBECA GRAND HOTEL, INC.
   d/b/a THE ROXY HOTEL,
SOHO GRAND HOTEL, INC.
   d/b/a SOHO GRAND HOTEL, and
CONSTANTINO MILANO,

    Defendants.

Case No.:

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff NATALIE ONEAL ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Collective and Class Action Complaint against Defendants, HARTZ HOTEL SERVICES, INC., TRIBECA GRAND HOTEL, INC. d/b/a ROXY HOTEL, SOHO GRAND HOTEL, INC. d/b/a SOHO GRAND HOTEL (collectively, "Corporate Defendants"), and CONSTANTINO MILANO ("Individual Defendant," and together with Corporate Defendants, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendant: (1) unpaid wages, including unpaid overtime compensation, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, including unpaid overtime compensation, (2) unpaid meal credit deductions, (3) unpaid spread of hours premium, (4) unpaid split shift pay premium (5) liquidated damages, (6) statutory penalties, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. Defendants are subject to personal jurisdiction in this judicial district.

4. This Court has subject matter jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff NATALIE ONEAL is a resident of Essex County, New Jersey.

7. Defendants operate two hotels in New York City under the trade names "The Roxy Hotel" located at 2 6th Avenue, New York, NY 10013 and "Soho Grand Hotel" at 310 West Broadway, New York, NY 10013.

8. Corporate Defendant HARTZ HOTEL SERVICES, INC. is a domestic business operation organized under the laws of the State of New York, with a Principal Executive Office

2

and address for service of process located at 500 Plaza Drive, 6th Floor, Secaucus, NJ 07094. HARTZ HOTEL SERVICES, INC. operates both of Defendants' hotels.

9. Corporate Defendant TRIBECA GRAND HOTEL, INC. d/b/a THE ROXY HOTEL is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 2 6th Avenue, New York, NY 10013 and an address for service of process located at 400 Plaza Drive, Secaucus, NJ 07094. Defendants operate "The Roxy Hotel" through TRIBECA GRAND HOTEL, INC.

10. Corporate Defendant SOHO GRAND HOTEL, INC. d/b/a SOHO GRAND HOTEL is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 310 W. Broadway, New York NY 10013 and an address for service of process located at 400 Plaza Drive, Secaucus, NJ 07094. Defendants operate "Soho Grand Hotel" through SOHO GRAND HOTEL, INC.

11. "Soho Grand Hotel" and "Roxy Hotel" are operated by Defendants as a single integrated enterprise. Specifically, they are engaged in related activities, share common ownership, and have a common business purpose:

   a) The hotels are commonly operated by HARTZ HOTEL SERVICES, INC. and are jointly advertised at https://www.grandlife.com/.

   b) All workers of the "Soho Grand Hotel" and "Roxy Hotel" are employed directly by parent company HARTZ HOTEL SERVICES, INC., who causes employees to perform work for subsidiaries TRIBECA GRAND HOTEL, INC. and SOHO GRAND HOTEL, INC. direct owners of the "Soho Grand Hotel" and "Roxy Hotel."

   c) Defendant HARTZ HOTEL SERVICES, INC., controlled timekeeping and payroll for all employees, working for the "Soho Grand Hotel" and "Roxy Hotel."

    d) Defendant HARTZ HOTEL SERVICES, INC., holds itself out as the employer for all employees of for the "Soho Grand Hotel" and "Roxy Hotel" as Defendant HARTZ HOTEL SERVICES, INC. is listed as the employer on all paystubs and notices.

    e) Supplies and employees are interchangeable between the hotels. Job listings are shared between the two companies.

    f) Employees frequently transfer and/or work at both hotels as both hotels share managers, who frequently oversee employees at both locations, which are found within three (3) blocks from each other.

12. Individual Defendant CONSTANTINO MILANO is Chief Executive Officer of Corporate Defendants. CONSTANTINO MILANO exercised control over the employment terms and conditions of Plaintiff and Class members. CONSTANTINO MILANO had and exercised the power and authority to (and also delegates to managers and supervisors the power to) fire and hire, determine rate and method of pay, determine work schedules, and otherwise affect the quality of employment of Plaintiff and Class members. CONSTANTINO MILANO exercised functional control over the business and financial operations of Corporate Defendants. CONSTANTINO MILANO ensured that the business is operating efficiently and profitably.

13. At all relevant times, each Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

14. At all relevant times, each Defendant was an "employer" and "person" within the meaning of Section 15(a) of the FLSA and Section 215 of the NYLL.

15. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendant.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

16. Plaintiff ONEAL brings claims for relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to cooks, food preparers, dishwashers, porters, waiters, bussers, food runners, dishwashers, bartenders, barbacks, room-service attendants) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff ONEAL and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff ONEAL stated herein are essentially the same as those of Nationwide FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**CLASS ACTION ALLEGATIONS**

19. Plaintiff ONEAL brings claims for relief pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to cooks, food preparers, dishwashers, porters, waiters, bussers, food runners, dishwashers, bartenders, barbacks, room-service attendants) employed by Defendants on or after

the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Members").

20. All said persons, including Plaintiff ONEAL, are referred to herein as the "Class" or "Class Members." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and the rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40).

22. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to provide proper statutory premiums such as spread of hours and split-shift pay, (iii) failing to provide a proper blended overtime rate to employees, (iv) failing to provide proper wage statements, and (v) failing to provide proper wage and hour notices. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class

Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. With regard to the Tipped Subclass, Defendants failed to pay them the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet the statutory requirements under the New York Labor Law. Plaintiff and the Tipped Subclass suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, (iv) failed to accurately keep track of daily tips earned and maintain records.

24. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class

Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the United States violate state labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. These are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

   a. Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

   c. Whether Plaintiff and Class Members were properly classified as non-exempt;

d. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

e. Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

f. Whether Defendants paid Plaintiff and Class members the proper wage for all hours worked;

g. Whether Defendants properly provided notice to Plaintiff and the Tipped Subclass that Defendants were taking a tip credit;

h. Whether Defendants improperly withheld tips from Plaintiff and the Tipped Subclass by illegally retaining portions of tips earned by Plaintiff the Tipped Subclass;

i. Whether Defendants mandated an unlawful tip-pooling scheme whereby Plaintiff and the Tipped Subclass members were required to share tips earned with non-tipped employees;

j. Whether Defendants compensated employees in a timely manner pursuant to NYLL 191.

k. Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

l. Whether Defendants required Plaintiff and the Tipped Subclass members to engage in non-tipped duties exceeding 20% of each workweek;

m. Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law;

n. Whether Defendants provided proper wage statements informing (i) Plaintiff and the Tipped Subclass of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the New York Labor Law;

o. Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law; and

p. Whether Defendants paid the "spread of hours" and/or "split-shift" premiums pursuant to NYLL, which are owed to Plaintiff and Class members working more than (1) one shift separated by more than one hour or (2) whose workday lasted ten hours or longer.

**STATEMENT OF FACTS**

28. In or about June 2018, Plaintiff NATALIE ONEAL was hired by Defendants to work as a sous chef for Defendants' "Roxy Hotel" located at 2 6th Avenue, New York, NY 10013. Plaintiff worked for Defendants until in or around March of 2019.

29. The Roxy Hotel and Soho Grand both feature restaurant-bars and provide the amenity of room-service to guests. The Roxy Hotel and Soho Grand each have a kitchen which preps and caters both to the patrons of the individual hotel's restaurant and provides room-service for the hotel guests. Plaintiff personally prepared food for both restaurant patrons and hotel guests of the Roxy Hotel.

30. Throughout her employment with Defendants, Plaintiff received a fixed weekly compensation of $1,250.00 per week regardless of hours worked. Plaintiff worked approximately fifty-five (55) hours per week.

31. Throughout her employment with Defendants, Plaintiff worked ten (11) hours per day, from 11:00 a.m. to 10:00 p.m., five (5) days per week, for a total of fifty-five (55) hours per week.

32. Throughout her employment, Plaintiff ONEAL was a non-exempt employee pursuant to the FLSA and NYLL. Plaintiff did not set schedules, hire employees, make firing decisions as to employees, promote, affect payroll, or determine compensation. There was no agreement that the fixed weekly salary would cover her overtime hours. As such Plaintiff and Class Members were not compensated for overtime hours worked.

33. Defendants failed to compensate all overtime for FLSA Collective Plaintiffs and Class Members. FLSA Collective Plaintiffs and Class Members, who were similarly paid on a fixed salary basis and were not properly compensated their overtime premium of time and a half

for all hours worked over forty (40) each week, even though there was never any agreement with Defendants that their fixed salaries would cover their overtime hours.

34. Throughout Plaintiff's employment with Defendants, Defendants failed to compensate state mandated statutory premiums such as split-shifts premiums and spread of hours premiums, which require additional compensation for employees whose workdays last longer than ten (10) hours. Further, Defendants failed to include such premium pay into employees' base regular rate; and therefore, any overtime paid was not paid at the proper blended overtime rate as mandated by the NYLL and the FLSA pursuant to 29 CFR §778.203.

35. Plaintiff observed that tipped employees (including bussers, servers, runners, bartenders, barbacks, and room service attendees) were also required to engage more than twenty percent (20%) of their working time in non-tipped related activities. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding twenty percent (20%) of the total hours worked each workweek, Defendants improperly claimed tip credit for <u>all</u> hours worked by tipped employees.

36. Plaintiff ONEAL did not receive a proper wage and hour notice or proper wage statements with her wage payments each period.

37. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff, in violation of the NYLL.

38. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff, in violation of the NYLL.

39. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff realleges and incorporates all the above allegations as if fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

43. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

44. At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

45. At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the proper blended overtime rate as mandated by 29 CFR §778.203.

46. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

47. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

48.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

49.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

50.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

51.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

52.     Plaintiff realleges and incorporates all the above allegations as if fully set forth herein.

53.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

54.     Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

55. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff, as required by New York Labor Law § 195(1).

56. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff with every wage payment, as required by New York Labor Law § 195(3).

57. Defendants failed to pay employees in a timely manner pursuant to NYLL § 191(1)(a)(i).[1] Therefore, Plaintiff and Class Members are owed liquidated damages equal to the late payment of wages and accrued interest on the delayed payments

58. Defendants knew of and/or showed a willful disregard for the provisions of the NYLL as evidenced by their failure to pay Plaintiff and other Class Members all of the wages they were due (including overtime wages) when Defendants knew or should have known such was due, and its failure to provide Plaintiff and other Class Members with accurate wage statements.

59. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their damages for unpaid overtime compensation, statutory penalties, liquidated damages, and reasonable attorneys' fees and costs, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court assume jurisdiction herein and thereafter grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

---

[1] See *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 2019 NY Slip Op 06459, ¶¶ 1-2, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 287-88 (App. Div. 1st Dept.)

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation under the FLSA and the NYLL;

d. Whether Defendants misclassified Plaintiff and Class Members as exempt from overtime;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages and overtime pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages and overtime pursuant to the NYLL;

g. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

h. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   January 7, 2022                              Respectfully submitted,

                                                             By:   */s/ C.K. Lee*

                                                             LEE LITIGATION GROUP, PLLC
                                                             C.K. Lee, Esq. (CL 4086)
                                                             Anne Seelig, Esq. (AS 3976)
                                                             148 West 24th Street, 8th Floor
                                                             New York, NY 10011
                                                             Tel.: (212) 465-1188
                                                             Fax: (212) 465-1181
                                                             *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*